**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DENELY ANN BODKIN,**

    **Plaintiff,**

**v.**                                                   **Case No.  8:05-cv-1635-T-30TBM**

**MIAMI SPRINGS PROBATIONS OFFICE,**
**et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Judge Robert Doyel, Department of Corrections, and John Williamson's Motion to Dismiss Complaint (Dkt. 29). As Plaintiff has failed to respond, the Court considers the motion without the benefit of a response.

## MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods

DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir.

1983).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that

the Plaintiff can prove no set of facts to support his claim.  Conley v. Gibson, 355 U.S. 41,

45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir.

1996).

## LEGAL ANALYSIS

Plaintiff has filed suit alleging that Defendants, among others, violated her

Constitutional rights under the Fourth, Sixth, and Fourteenth Amendments and Title 42

Section 1983 of the Civil Rights Act, when she was allegedly ordered by Defendant Doyel

not to pray with her children during a family law court hearing and arrested for allegedly

violating Defendant Doyel's order (Dkt. 1 at 3).  Plaintiff also alleges that while on

probation, she was forced by her probation officer to go into the bathroom and pull her pants

down.[1] See id. at 4.  Additionally, Plaintiff alleges that all Defendants conspired against her

in violation of her Fourth and Fifth Amendment rights when the Defendants filed "criminal

charges against her based on fabricated evidence," and when Defendant Doyel filed a

"malicious charge" against her with DCF.[2]

---

[1]It is unclear from the Complaint whether the alleged bathroom incident occurred before or after Plaintiff's arrest.

[2]While not clearly noted in the Complaint, this Court presumes DCF is the Department of Children and Families.

Defendants have filed the instant motion arguing that Plaintiff's allegations against Judge Doyel, the Department of Corrections and Defendant Williamson should be dismissed with prejudice.  This Court agrees.

**Defendant Judge Robert Doyel**

Plaintiff's allegations against Defendant Doyel pertain to those actions taken in his official capacity as a judicial officer.   Defendant Doyel argues that the claims against him are barred  under the principal of absolute judicial immunity.  This Court agrees.  Under this principal, a judicial officer is immune from suit if (1) the judicial officer's actions were made while acting in their judicial capacity; and (2) the judicial officer's actions did not fall clearly outside their jurisdiction as a judicial officer. See Scott v. Hayes, 719 F.2d 1562, 1564 (11th Cir. 1983).    A judge's actions are made within his or her judicial capacity when "the act complained of consitute[s] a normal judicial function; (2) the events occur[] in the judge's chambers or in open court; (3) the controversy involve[] a case pending before the judge; and (4) the confrontation ar[ises] immediately out of a visit to the judge in his [or her] judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Moreover, "this immunity applies even when the judges' acts are "in error, [] done maliciously, or . . . in excess of his [or her] authority."  Scott, 719 F.2d at 1566.

It is clear from the allegations in the Complaint that Defendant Doyel's actions were taken in his capacity as a judicial officer.  Accordingly, he is entitled to judicial immunity and the allegations against him are **dismissed with prejudice**.

**Defendant Williamson**

In reviewing the Complaint, it does not appear that Plaintiff makes any allegations against Mr. John Williamson (Dkt. 1), nor has included him as a party to this action.  While it does appear a summons was issued as to Mr. Wilimson [sic] on February 24, 2006 (Dkt.11?), there appear to be no allegations in the Complaint pertaining to any actions taken by Mr. Williamson against Plaintiff.  Pursuant to Fed. R. Civ. P. 8, "'a short and plaint [sic] statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests" is required. Murphy v. Avnetis Pasteur, Inc., 270 F.Supp.2d 1368 (N.D. Ga. 2003).  Plaintiff's Complaint provides no short plain statement of **any** claim against Mr. Williamson.[3]  Accordingly, any claims against Mr. John Williamson are **dismissed without prejudice**.

**Department of Corrections**

Similar to Defendant Williamson, in reviewing the Complaint, there do not appear to be any allegations against the Department of Corrections or an employee of the agency.  To the extent there are claims in the Complaint against the Department of Corrections or one of its employees, these claims are barred under the Eleventh Amendment. See Florida Paraplegic Ass'n v. Martinez, 734 F. Supp. 997, 1001 (11th Cir. 1990) (stating that the

---

[3]To the extent Mr. Williamson is an employee of the Florida Department of Corrections, or any named state governmental agency, Plaintiff's Section 1983 claims fail under the Eleventh Amendment to the Constitution as claims against state employees, in their official capacity, are barred.  See Stevens v. Villacorta, 2006 WL 822100 at 3 (M.D. Fla. 2006).

Eleventh Amendment bars federal court actions against state officials acting in their official capacity).  See also Henry-Evans ex re. Henry v. Florida Department of Corrections, 2006 WL 1517139 at 1 (M.D. Fla. 2006) (stating "[c]laims under federal statutes, such as . . . [S]ection 1983 . . . are barred by the Eleventh Amendment").  Accordingly, the claims against the Department of Corrections are **dismissed with prejudice.**

It is therefore ORDERED AND ADJUDGED that

1.   Defendants Judge Robert Doyel, Department of Corrections, and John Williamson's Motion to Dismiss Complaint (Dkt. 29)  is **GRANTED** for the reasons stated herein.

2.   Plaintiff's claims against Judge Robert Doyel and the Florida Department of Corrections are **DISMISSED WITH PREJUDICE**.

3.   Plaintiff has **twenty (20) days** in which to file an Amended Complaint as to John Williamson.  Failure to file said Amended Complaint will result in this matter being dismissed without notice from the Court.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1635- Motion to Dismiss.frm