## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**DENELY ANN BODKIN,**

      **Plaintiff,**

**v.**                                    **Case No.  8:05-cv-1635-T-30TBM**

**MIAMI SPRINGS PROBATIONS OFFICE,**
**et al.,**

      **Defendants.**

_____/

## ORDER

    THIS CAUSE comes before the Court upon Plaintiff's Motion for Extension of Time to File Amended Complaint (Dkt. #60) filed on August 29, 2007.  The Court, having considered the motion, response, memorandum, exhibits, and being otherwise advised in the premises, finds that Plaintiff's motion should be denied.

### Procedural History

    On September 2, 2005, pro se Plaintiff, Denely Ann Bodkin, filed a complaint based on a violation of her civil rights under §1983.  On January 13, 2006, the Court *sua sponte* issued an Order to Show Cause (Dkt. #7) as to Plaintiff's failure to effectuate service upon any of the named Defendants.[1]  As a result of Plaintiff's failure to respond, the Court issued an Order of Dismissal (Dkt. #8) without prejudice and directed the clerk to close this case.  On February 15, 2006, Plaintiff filed a  Motion to Reopen Case (Dkt. #9).  On February 23,

---

[1] Plaintiff was warned that failure to show cause by January 24, 2006, why service had not been effectuated would result in this action being dismissed without further notice.

2006, the Court granted Plaintiff's motion to reopen the case and allowed Plaintiff thirty (30) days to perfect service upon the named defendants and to file proof of the same.

Summons were issued as to Defendants, New Foundation Center, Polk County, Judge Robert L. Doyel, Department of Corrections, John Williamson, Miami Metro Dade County Police Department, and Lakeland Police Department.

On April 26, 2006, Defendant, City of Lakeland, filed a Motion to Dismiss the Complaint (Dkt. #23). On June 2, 2006, the Court enter an Order (Dkt. #28) granting Defendant Dade County Police Department's Motion to Dismiss with prejudice.

On June 14, 2006, Defendants, Judge Robert Doyel, Florida Department of Corrections, and John Williamson, filed a joint Motion to Dismiss Complaint (Dkt. #29). Over a four month period of time, Plaintiff requested four separate extensions to respond to Defendants' motion to dismiss. The Court granted Plaintiff's first three requests for an extension to respond to the motion to dismiss on July 10, 2006 (Dkt. #34), and again on August 16, 2006 (Dkt. #37), and September 15, 2006 (Dkt. #39). Upon Plaintiff's fourth request for an extension of time to respond to the pending motion to dismiss, the Court entered an Order (Dkt. #41) on October 18, 2006, denying such request and informing Plaintiff that Defendants' motion to dismiss would be considered without the benefit of a response from Plaintiff. On October 23, 2006, the Court enter an Order (Dkt. #42) granting Defendants Judge Robert Doyel and the Department of Corrections's Motion to Dismiss the Complaint with prejudice. Also, the Court dismissed Plaintiff's claim against John

Case 8:05-cv-01635-JSM-TBM   Document 61   Filed 09/07/07   Page 3 of 5 PageID 140


Williamson without prejudice and allowed Plaintiff twenty (20) days to file an amended complaint as to John Williamson.

On November 13, 2006, Defendant filed an Amended Complaint against Defendants, Department of Corrections, Juanita Lewis, New Foundations, Miami-Dade Probation Office, Malcolm Bennet, and John Williamson.[2]  On November 17, 2006, Defendant John Williamson filed a Motion to Dismiss the Amended Complaint (Dkt. #44).  On February 1, 2007, the Court *sua sponte* issued an Order to Show Cause (Dkt. #49) as to Plaintiff's failure to respond to Defendant Williamson's motion to dismiss.  Plaintiff did not file a response but did attend a hearing set by the Court on March 2, 2007, to consider arguments of both parties in regard to Defendant Williamson's motion.  After hearing oral argument of Plaintiff and Defendant, on March 2, 2007, the Court entered an Order (Dkt. #54) granting Defendant's Motion to Dismiss the Amended Complaint.  In its order the Court allowed Plaintiff thirty (30) days to file a Second Amended Complaint; however, Plaintiff was warned that if a second amended complaint was not timely filed, then this case would be dismissed without further notice.

Nevertheless, on April 5, 2007, Plaintiff filed an untimely Motion for Extension of Time to File a Second Amended Complaint (Dkt. #55).  On April 9, 2007, the Court entered an Endorsed Order (Dkt. #56) granting Plaintiff's request to file a second amended complaint through June 2, 2007.  Again, on June 4, 2007, Plaintiff filed another untimely Motion for

---

[2] Defendants, Dade County Police Department and Florida Department of Corrections, were previously dismissed with prejudice from this action.  Plaintiff did not attempt to serve any of the new parties that were added to the amended complaint.

Extension of Time to File a Second Amended Complaint (Dkt. #57).  Once again the Court granted Plaintiff's request and allowed Plaintiff an extension of time to file a second amended complaint on or before August 24, 2007.[3]  Plaintiff failed to file a second amended complaint on or before August 24, 2007.  Instead, on August 29, 2007, Plaintiff filed a third untimely Motion for Extension of Time to File a Second Amended Complaint (Dkt. #60).

Currently, there is no complaint in effect or viable defendants.  John Williamson was terminated as a defendant by virtue of this Court's Order (Dkt. #54) entered on March 2, 2007.  Further, Plaintiff has not effectuated service on any of the other remaining named defendants that have not otherwise been terminated from these proceedings.  For the past six months, the Court has repeatedly granted Plaintiff's numerous requests for an extension to file a second amended complaint with no progress.  As a result of Plaintiff's failure to file a second amended complaint within the allowed period of time, the Court finds that Plaintiff's third untimely Motion for Extension of Time to File a Second Amended Complaint should be denied.  Further, as a result of Plaintiff's failure to file a Second Amended Complaint as ordered by this Court, this case is dismissed.

It is therefore ORDERED AND ADJUDGED that:

1.      This cause is DISMISSED without prejudice.

2.      All pending motions are denied as moot.

3.      The Clerk is directed to CLOSE this case.

---

[3] Plaintiff was warned once again that failure to file a second amended complaint will result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on September 7, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record